UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JUSTIN QUIROZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:20-cv-69 |
| ) | |
| CSX TRANSPORTATION, INC., ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter is before the court on the Motion to Quash Defendant's Subpoena to Testify at a 30(b)(6) Deposition for Dr. Kevin Trangle [DE 28] filed by the plaintiff, Justin Quiroz, on November 19, 2021. For the reasons set forth below, the Motion [DE 28] is **GRANTED in PART**.

*Background*

On October 20, 2021, the defendant, CSX Transportation, INC., deposed one of the plaintiff's retained experts, occupational medicine physician, Dr. Kevin Trangle of Kevin Trangle & Associates (T&A). During the deposition, the defendant inquired as to Dr. Trangle's earnings as well as the earnings of T&A. Both parties represent that Dr. Trangle was unable to answer specific revenue questions because he did not have his income information available at the deposition. As a result, on November 10, 2021, the defendant served a **Federal Rule of Civil Procedure 30(b)(6)** subpoena to depose a member of T&A in order to obtain income information.

The plaintiff has filed the instant motion requesting that the court quash the defendant's **Rule 30(b)(6)** subpoena to depose T&A. The defendant responded in opposition on November 23, 2021. No reply was filed, and the time do so has now passed.

*Discussion*

The plaintiff argues that the court should quash the defendant's November 10, 2021 subpoena to depose T&A for several reasons. First, the plaintiff claims that the defendant failed to indicate in its initial Notice of Deposition that it would be attempting to gain information relating to Dr. Trangle's finances during the October 20, 2021 deposition, therefore he did not bring his income records and was unable to answer specific questions relating to it. The plaintiff argues that the defendant's demand for Dr. Trangle to sit for a second deposition to discuss his earnings, because the defendant failed to or forgot to ask him to bring income information to the deposition, is improper.  Additionally, the plaintiff argues that "no case holds [that] an expert can be deposed twice – except in the situation where the expert adds new opinions after the first deposition."  But, nonetheless, the plaintiff has represented that he and Dr. Trangle have no objection to providing reasonable income information for use at trial for his impeachment.

**Federal Rule of Civil Procedure 26(a)(2)(B)** lists the contents of experts' reports that expert witnesses are required to provide to the other parties. **Rule 26(a)(2)(B)(v)-(vi)** require that the expert list all other cases, in which, during the previous 4 years, the witness testified as an expert at trial or by deposition and a statement of compensation to be paid for the study and testimony in the case.

In response to the plaintiff's motion, the defendant states that Dr. Trangle testified both that he did not have access to income information without preparing and that he did not believe it was relevant. Specifically, the defendant claims that during the deposition, it tried to discover how much of Dr. Trangle's 14-page expert report was completed by him as opposed to his staff. Dr. Trangle indicated that he was unsure as to that answer, but that T&A has a controller who would have access to that information.  As a result, the defendant found it necessary to serve the **30(b)(6)** subpoena at issue.

The defendant further argues that without being able to discover T&A's revenues, it "cannot discover what percentage of its income derives from [the] [p]laintiff's attorney's firm,

and that information is clearly relevant to bias." Despite these arguments, the defendant also included in its response an exhibit that was produced by the plaintiff's attorney which indicates that the plaintiff's attorney's firm, Coogan & Power, has paid T&A $307,732 for its services from April 2019 through the present.

Due to the plaintiff's and Dr. Trangle's willingness to "provide reasonable income information to the [defendant] for use at trial for [the] impeachment of Dr. Tangle," the documentation provided to the defendant stating the amount paid to T&A to date, and Dr. Trangle's presumed compliance with **Rule 26(a)(2)(B)(v)-(vi),** the court does not find that a second deposition is necessary.

As a result, Motion to Quash [DE 28] is **GRANTED in PART**.  If the elements of **Rule 26(a)(2)(B)** have not been fully complied with, the plaintiff and Dr. Trangle are required to do so promptly.

ENTERED this 9th day of December, 2021.

/s/ Andrew P. Rodovich
United States Magistrate Judge